UNITED STATES DISTRICT COURTS
EASTERN DISTRICT OF TEXAS
_____DIVISION

Sandra Prudhomme
5740 Mel ShaN
Beaumont Tx 77705
Name of Plaintiff(s)

vs

The Medical Center
2555 Jimmy Johnson Blvd
Port Arthur Tx 77640
Name of Defendant(s)

Case Number: 1:23 CV 149

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Note: If plaintiff is alleging employment discrimination based on race or color, please also see 42:U.S.C. 1981

1.  This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 42 U.S.C. 2000e-5. Equitable and other relief are also sought under 42 U.S.C. 2000e-5(g).

2..  Plaintiff, Sandra Prudhomme, is a citizen of the United States
          (name of plaintiff)

and resides at 5740 MelSha LN , Beaumont,
                    (street address)              (city)

Jefferson , Texas , 77705  409-351-6981
(county)      (state)      (zip)      (telephone)

3.. Defendant, __The Medical Center__, resides at, or its business is
                    (name of defendant)

located at __2555 Jimmy Johnson__, __Port Arthur__
              (street address)                                    (city)

__Jefferson__, __Texas__, __77640__, __409-724-7389__
   (county)          (state)        (zip)        (telephone)


4. Plaintiff sought employment from the defendant or was employed by the defendant

at __2555 Jimmy Johnson__, __Port Arthur__,
        (street address)                              (city)

__Jefferson__, __Texas__, __77640__.
   (county)          (state)              (zip)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10

of the complaint on or about __12-3-20 - 1-18-21__.
                                          (month, day, year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity
Commission charging defendant with the acts of discrimination indicated in paragraphs
9 and 10 of this complaint on or about __3-3-21__.
                                                        (month, day, year)


7. The Equal Employment Commission issued a Notice of Right to Sue which was
received by plaintiff on __2-16-23 & 3-9-23__.
                              (month day, year)

8.    Because of plaintiff's (1) __X__ race, (2) _____ color, (3) _____ sex,

(4) _____ national origin,  defendant:

a.    _____ failed to employ plaintiff.

b.    __X__ terminated plaintiff's employment.

c.    _____ failed to promote plaintiff.

d.    __X__ Other _Retaliation_____

_____

_____

9.    The circumstances under which the defendant discriminated against plaintiff were as follows:

On or about December 3, 2020 Director removed me from my position as a HR Generalist. Stating I did not have the skill set to work in H/R. Eventhough I held the position for nearly 30yrs. my position was given back to me by President of H/R. Upon returning to work I was retaliated against, bullied, treated unfairly, discriminated against. I reported hostile work environment to my corporate office it went on deaf ears. A white female was given interim pay after I was denied. I fought for my job for the last 2 yrs of working a The Medical center.

10.    The acts set forth in paragraph 9 of this complaint:

   a.    _____    are still being committed by defendant.

   b.    _____    are no longer being committed by defendant.

   c.    __X__    defendant may still be committing the acts.

11.    Plaintiff attaches to this complaint a copy of the charges filed with the Equal
Employment Opportunity Commission which charges are submitted as a brief statement
of the facts supporting this complaint.  WHEREFORE, Plaintiff prays that the Court
grant the following relief to the plaintiff:

   a.    _____    Defendant be directed to employ plaintiff.

   b.    _____    Defendant be directed to re-employ plaintiff.

   c.    _____    Defendant be directed to promote plaintiff.

   d.    __X__    Defendant be directed to _____ and that the

   Court grant such relief as may be appropriate, including injunctive orders,

   damages, costs and attorney's fees.


_____
(Signature of Plaintiff)



**Sandra Prudhomme**
**5740 Mel Sha Ln**
**Beaumont, TX 77705**

## NOTICE OF DISMISSAL AND RIGHT TO FILE CIVIL ACTION

### Sandra Prudhomme v THE MEDICAL CENTER OF SOUTHEAST TEXAS

| TWCCRD Charge Number | EEOC Charge Number | TWCCRD Representative |
|---|---|---|
| 1A21931 | 31C-2021-00874 | Marvin Chaney |

The Civil Rights Division has dismissed this Charge and is closing its file for the following reason:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the TWCCRD.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act or the Texas Labor Code, Chapter 21.

[ ]   The Responding Party employs less than the required number of employees or not otherwise covered by the statutes.

[ ]   We cannot investigate your charge because it was not filed within the time limits required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afforded full relief for the harm you alleged. You failed to accept the full relief.

[ ]   The TWCCRD issues the following determination: Based upon its investigation, the TWCCRD is unable to conclude that the information obtained establishes any violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

**[X]   Other: Charging Party requested a Notice of Right to File Civil Action.**

TWCCRD: 1A21931
EEOC: 31C-2021-00874

Sandra Prudhomme v THE MEDICAL CENTER OF SOUTHEAST
TEXAS

2

## NOTICE OF RIGHT TO FILE CIVIL ACTION

Pursuant to Sections 21.208, 21.252 and 21.254 of the Texas Labor Code, as amended, this notice is to advise you of your right to bring a private civil action in state court in the above referenced case. **PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.** The time limit for filing suit based on a federal claim may be different.

## EEOC REVIEW NOTICE

As your charge was dual filed under Title VII of the Civil Rights Act/Age Discrimination in Employment Act/Americans with Disabilities Act, which are enforced by the U.S. Equal Employment Opportunity Commission (EEOC), you have the right to request an EEOC review of this final decision on your case. **To secure a review, you must request it in writing within fifteen (15) days from the date of the notice.** Send your request to: San Antonio EEOC, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229.

On behalf of the Division,

*Venessa Hernandez for Bryan Snoddy*
_____
Bryan Snoddy
Division Director

2/16/2023
_____
Date

cc:
Paul G Nason
LOCKE LORD LLP
2200 Ross Avenue, Ste. 2800
Dallas, TX 75201

EEOC Form 161-B (11/2020)

**U.S. E**QUAL **E**MPLOYMENT **O**PPORTUNITY **C**OMMISSION

## N**OTICE OF** R**IGHT TO** S**UE** *(I*SSUED ON R*EQUEST)*

| | |
|---|---|
| To:  **Sandra Prudhomme**<br>5740 Mel Sha Ln<br>Beaumont, TX 77705 | From  **San Antonio Field Office**<br>:  **5410 Fredericksburg Rd**<br>**Suite 200**<br>**San Antonio, TX 78229** |

☐  *On behalf of person(s) aggrieved whose identity is*
   *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Hector Colon-Padro** | |
| **31C-2021-00874** | **State & Local Coordinator** | **(210) 640-7546** |

*(See also the additional information enclosed with this form.)*

N**OTICE TO THE** P**ERSON** A**GGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** **WITHIN 90 DAYS** **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| | |
|---|---|
| [X] | More than 180 days have passed since the filing of this charge. |
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| | |
|---|---|
| [X] | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** **WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost. |
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Norma Guzman,**
**Field Director**

2023-03-09
*(Date Issued)*

cc:  **The Medical Center of Southeast Texas**
   **c/o PAUL G NASON**
   LOCKE LORD LLP
   2200 Ross Avenue, Ste. 2800
   Dallas, TX 75201

DocuSign Envelope ID: 457FF57B-0BE2-4A3A-9A3F-28951036055B

EEOC Form 5 (5/01)

| 2ND AMENDED CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.<br>See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:     Agency(ies) Charge Number(s): | |
|---|---|---|
| | [X] FEPA | 1A21931 |
| | [X] EEOC | 31C-2021-00874 |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>**Sandra Prudhomme** | Home Phone *(Incl. Area Code)*<br>(409) 351-6981 | Date of Birth |
|---|---|---|

Street Address
City, State and ZIP Code
5740 Mel Sha Ln
Beaumont, Texas 77705

| Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. | | |
|---|---|---|
| THE MEDICAL CENTER OF SOUTHEAST TEXAS | No. Employees, Members<br>15+ | Phone No. *(Include Area Code)*<br>(469) 341-8800 |

Street Address
City, State and ZIP Code
2555 Jimmy Johnson Blvd
Port Arthur, Texas 77640

DISCRIMINATION BASED ON:

| DATE(S) DISCRIMINATION TOOK PLACE:<br>THE PARTICULARS ARE: | Earliest: 02/19/2020 | Latest: 11/30/2020, continuing action |
|---|---|---|

**I. PERSONAL HARM**

I have been subjected to demotion, harassment, inequitable terms and conditions and discharge based on my age (62), color (Black), national origin (African American), race (Black), and retaliation for exercising my protected rights. I have been in the Human Resource field for over 30 years. I overheard Marsha Worthy (HR, 50, White) saying "I like working with young people, I can teach them better. On 11/30/2020, Worthy stated that she would have to think about keeping me in this position and sent me home to reflect after I failed to order a plaque for an employee who changed positions. I explained that it was not ordered because I was waiting for the invoices to be paid by her and because it was not customary to order plaques for an employee changing status. On 12/03/2020, I was demoted from Human Resources Generalist and offered a position as a Sitter or Admissions Representative. On 12/04/2020, I contacted Jason Miller (CFO and Corporate Compliance) regarding my demotion and was given my position back.

From 02/2020 to 03/03/2021, I was harassed by Worthy who questioned my duties daily and required status email updates immediately after an employee would stop by my office. On 01/19/2021, I was placed in a Performance Improvement Plan (PIP) as retaliation for reporting my demotion to Miller and asking for interim pay while performing additional job duties.

Bealynda Walsh (coworker 50's white) and Paul Peddy (40's white) were treated more fairly than me. Wash was approved for interim pay, was not harassed for taking bathroom breaks, and was not questioned daily on the completion of her job duties. Peddy's job responsibilities were reassigned to me. I successfully completed the PIP but on 03/03/2021, during a meeting with Worthy and Chris McMahon (COO), I was discharged for not ordering the plague I had been previously demoted for.

**I. RESPONDENT'S REASON FOR ADVERSE ACTION**:
Respondent did not provide a response

**III. DISCRIMINATION STATEMENT:**
I believe I have been discriminated against in violation of Texas Labor Code, Chapter 21, and The Age Discrimination in Employment Act of 1967 (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII) based on my Age (62), Color (Black), National Origin (African American), Race (Black) and retaliation for exercising my protected rights.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

DocuSign Envelope ID: 457FF57B-0BE2-4A3A-9A3F-28951036055B

**COMPLAINANT COMPLETES BELOW:**

My name is ___**Sandra**___ , ___**Lorraine**___ , ___**Prudhomme**___ , my date of birth is _____
            (First)                    (Middle)                    (Last)

and my address is __5740 Mel Sha Ln_____ , ____Beaumont_____ , _TX_____ , _77705__ , Dallas_____
                          (Street)                                          (City)              (State)    (Zip)      (Country)

Executed in _____Jefferson_____ County, State of Texas, on the   09___ day of __February_____ , 2023_____ .
                        (County)                                          (Day)            (Month)              (Year)

I declare under penalty of perjury that the above is true and correct.

_____          2/15/2023
                                                          _____
            Charging Party Signature                                      Date

Notice: To determine timeliness of a discrimination charge, TWCCRD refers to the receipt date of a complete complaint form.

**Relief Sought**

I was fired on March 3, 2021. Based on my work performance, dedication to my job, and no prior issues with any other supervising Director at the Medical Center of Southeast Texas, it is foreseeable that I would have continued to work until retirement on my 66th birthday, October 2, 2027. As such, I would have continued to work for 5 additional years and at least 7 additional months. I could have anticipated at least a minimum 2% raise over the course of my remaining work time. At the time of my termination, I lost all of my health insurance benefits and the dental and vision insurance benefit for myself and my husband. I also lost $65,000 of life insurance at the time of my termination. Had I worked until the age of 66 as planned, I would have received a monthly benefit of $1900 based on today's scale, but due to having to draw early I now receive only $1514/mo. I am not old enough to qualify for Medicare and because I have the pre-existing condition of being an insulin-dependent diabetic, I cannot afford the health insurance premium that I would have to pay for such pre-existing conditions. I cannot rely on any additional income from any other source as I am limited by social security. Further, my husband has been disabled since 1995 and I was the only gainfully employed person in my household and this had caused an greatly undue hardship. Through this wrongful termination, I feel I have lost the last years of my ability to work as well as the ability to care for myself and my spouse. As a result, I believe I am entitled to the following reasonable relief in order to make myself whole:

   Lost Wages for 4 years:  $65,000 -($1514*12-currently receive from social security)=$46,832*4 years =$187,328

   Lost Wages for 1 year and 7 months (w/2% increase): $66,300/12=$5525/mo.- $1514 from SS *19 months=$76,209

   Health Insurance Coverage until age of 66 (when eligible for Medicare):  $580/mo. (average)=$38,860

   Life Insurance for 5 years and 7 months:  $50/mo. premium (approximate)=$3,350

   Dental Insurance for 5 years and 7 months (me and spouse):  $52/mo. (approximate)=$3,484

   Vision Insurance for 5 years and 7 months (me and spouse):  $ 20/mo. (approximate)=$1,340

**Requested  Actual Damages Sought=$ 310,571**

**Requested Incidental Damages/Mental Stress and Suffering=$150,000**
====================================================
======

**Total Damages Sought= $ 460,571**

**Legal Position**

It is my position that I am entitled to actual damages as a result of wrongful termination and hostile work environment.  The PIP may constitute a verbal actual or implied contract for which my employer representative stated (which I have on recording) that I completed satisfactorily but then stated I was fired for.  My employer representative refused to pay me additional income for which she granted a white employee in the same position, therefore constituting racial discrimination.  My employer representative stated verbally to me that she wanted someone "younger" in my position, so that she could train them like she did the younger staff, also constituting age discrimination.  As a result of all of these discriminatory practices, my employer representative harassed me consistently and unfairly and wrongly terminated me as a result.  These actions are all causal for relief in accordance with the laws of the State of Texas and in accordance with the Federal Law under Title 7.

**Prayer for Relief**

I pray the presiding officer over this cause of action grant all requested relief sought in this proceeding.

Signed, Sandra Prudhomme

Conclusion of Law-

I was employed by The Medical Center of Southeast Texas from October 1987 through November 2008. I returned to The Medical Center on January 18, 2018 as a HR Generalist. I have over thirty years of experience in this field. At the time of hire, my HR Director was Carol Hebert. On or about June of 2019, Angie Noel then became the HR Director.  During my tenure under these Directors, I had no job-related issues and my performance was stellar. These Directors respected my knowledge and experience in the field of Human Resources. On or about November 2019, Marsha Worthy became the HR Director. At that time, the clinical recruiter resigned and I was asked to assume her duties with no increased compensation. In December, I inquired about additional pay to compensate for the additional duties, as it was the pattern and practice of the facility to do so at that time. Mrs. Worthy declined my request, stating she did not agree with extending such increases to employees, rather only management. Approximately one month later, Mrs. Worthy granted such additional compensation to a white employee in the same position. I feel this was a discriminatory practice based on my race. I complained to Craig Desmond, then President of The Medical Center of SETX, who met with Mrs. Worthy. Following that meeting, Mrs. Worthy returned and gave e a $750 bonus, not interim pay, which would have been equal to my white counterpart. Following this meeting with Mr. Desmond, I feel as though Mrs. Worthy retaliated against me for speaking with her superior as she began to create a hostile work environment for me. She began to remove job duties from other staff and reassigned them to me, causing me to have a greater workload, still without the additional compensation. In February of 2020, she then placed me on a Performance Improvement Plan. To date, I had not been counseled or reprimanded in accordance with the HR Policy of the Medical Center of Southeast Texas. No attitude concerns had ever been discussed with me, nor had a concern for any lack of job performance. As such, I asked why was policy not being followed? She stated, "I don't have to."

As such, I remained on the PIP, requiring me to take on yet additional duties as assigned by her and seek out additional opportunities to challenge the status quo. We spoke again on March 12, 2020 during which time Mrs. Worthy stated that everything was going well but she did not take me off of the PIP. I continued to work and she continued to harass me. Each time a staff member came to my office, she would hover near my door until the employee left and then continue harassing me with requests to email her every detail of the interaction. This was not the normal course of business dealings in the HR department. This continued until June 2020, when I contacted Gail Kroen, VPHR, Mrs. Worthy supervisor, to complain of the

‹ Notes


course of business dealings in the HR department. This continued until June 2020, when I contacted Gail Kroen, VPHR, Mrs. Worthy supervisor, to complain of the continued hostile work environment as other employees were now noticing and calling her attention to the harassment. Mrs. Worthy did not handle any other person in the HR department in this manner. The stress of the harassment and retaliation started to wear on my health and my doctor removed me from work for stress-related issues until August of 2020. Upon my return, the same behavior continued by Mrs. Worthy. The additional job duties continued to pile so much that I began having to stay late daily in order to get the tasks done. November 2020, I was asked to order a plaque as part of a job assignment. The employee came to HR requesting to change her status to PRN, this request was given Paul Peddy and Marsha Worthy. Retirement plaques are not ordered for staff changing status. On November 30, 2020, Ms. Bailey came to my office that morning to inform me today was her last day of work because she was not contacted regarding her request to stay PRN. I apologized to her and stated I will order your plaque today and contact you when it's ready. I immediately ordered the plaque and unfortunately, due to an outstanding invoice, the company did not deliver the plaque timely. As payment of invoices was not handled by Mrs. Worthy. I notified her of the situation, as my Director, so that she could then pay the invoices. Because the plaque did not arrive timely, she blamed me, despite her knowledge that the payment hold was not within my control. Following this incident, she came into my office and told me to "Go home and reflect to see if this is the job for you." I was confused and humiliated. Feeling harassed completely, I felt defeated and went home as instructed. I knew this was the job for me as I had always been a exemplary employee until being assigned this Director. I returned to work the following morning and Mrs. Worthy called me into her office and told me that I was not a good fit for HR and that she needed to find someone she "could train and someone younger." She then removed me from my position and demoted me. I asked if this meant she was firing me and she said "no." She told me not to discuss this conversation with anyone and handed me a job posting for other available positions within the hospital paying approximately 1/3 or less of the wage I earned. She told me that I should start looking outside of the hospital as well. The following day, I told Mrs. Worthy that I was offended by her offer of such a lesser paying jobs that did not take any of my training and knowledge into consideration. She told me to go home again and that she would contact me the next day to determine if I decided to accept either of the lesser paying positions (Sitter or Admissions Clerk) Or If I decided to accept outside employment. I explained to her the offered positions would not pay my salary of $65,000.

I contacted Jason Miller, CEO/Compliance Officer, he took my statement and advise

I contacted Jason Miller, CFO/Compliance Officer, he took my statement and advise to contact the Corporate Compliance hotline, in which I did. At that point, my stress level was greatly increased, my anxiety was overwhelming because I knew she was planning on terminating me, I had to go to the doctor. My doctor placed me on leave again due to work related stress. I was contacted by Marsha on January 12, 2021 asking if I was returning to work on January 19, 2021? I asked her in which position and she stated "Human Resources Generalist" Upon my return to work, I was immediately placed on another Performance Improvement Plan, despite my not being at work to have performed in any manner inconsistent with my job duties and again indirect conflict with the policy of The Medical Center. I asked her why I was being placed on a Performance Improvement Plan stating I had 30 days to do a certain amount of HR file audits and additional job duties? I felt this was retaliation for her not being able to terminate me. When I went to my office all of my personal items were packed in a box along with New Hires that had not been vetted to be working at The Medical Center. I did not have access to any computers, all access was denied. I contact Melissa McCollum, VPHR, to let her know the situation regarding the new hires from November had not been screened but was working. She offered to help me but I declined.

On February 26, 2021, meeting with Mrs. Worthy, all action items referenced in the PIP were satisfactorily completed. I recorded the conversation as I was unsure as to her authenticity. She told me that she was going to sign off on my PIP on Monday, March 1, 2021. On that Monday, I fell and sustained a work related injury. She completed the appropriate reporting and I went home. On March 3, 2021, I was called to Administration to meet with Chris McMahon, then COO and Mrs. Worthy. At that time, I was told by her that I was terminated because I had not ordered the plaque (discussed earlier and proof of ordering is attached) I left the office and she followed me and then changed her story to say that she was firing me because I had not completed the PIP (which she admitted that I did complete satisfactorily on the submitted recording.) I left work and filed complaints with the appropriate regulatory entities.

Sandra Prudhomme

FILE COPY

February 1, 2021

I am requesting arbitration – see reasons below..

This letter is regarding the retaliation claim submitted by me related to Mrs. Marsha Worthy, Human Resources Director at the Medical Center of Southeast Texas. It is my opinion that actions taken toward me were retaliatory in nature on or about February 1, 2020. I was asked to assume additional duties just prior to this time. As a result, I spoke with, then President, Craig Desmond, at Marsha's suggestion. My concern reflected the fact that I was not offered additional pay to compensate me for the amount of additional duties I was asked to perform. According to Craig, additional compensation was offered in these circumstances in accordance with the pattern and practice of the Medical Center of Southeast Texas and Steward. Following our conversation, he indicated that he would speak with Marsha regarding this practice. My speaking with him was in no way an attempt to discredit Marsha, but an exercise of my right to inquire as to my right to fair pay.

On or about February 19, 2020, I was placed on a Performance Improvement Plan (PIP-see attached) which took me by complete surprise as in my past 30 years as an HR Generalist; I have never been placed on a PIP nor have I ever been counseled before. When I inquired as to why I was placed on a PIP, Marsha stated "your attitude will need to change if you are going to work in here." It is the policy of the Medical Center of Southeast Texas per HR.407F that a verbal warning is issued prior to a PIP. When I asked Marsha about the rationale for going against this policy, she began to accuse me of things I have never and will never do. I then asked her if she took this action in retaliation to my speaking with Craig Desmond as we previously discussed – she said "no". However, she could not give me a reason as to why I never had the opportunity to discuss her concerns, clarify any misunderstandings and/or receive a verbal warning per policy. Following this, she began taking job responsibilities from other staff and, I feel, purposely trying to overwhelm me by re-allocating those duties to me.

On or around June 4, 2020, I attempted to meet with Craig Desmond again; however, we were unable to meet at that time. Therefore, I contacted Gail Kroen, VP of Human Resources on or about June 10, 2020 to discuss these concerns. She responded to me on or about June 17, 2020. I explained my concerns fully and expressed the fact that I felt I had been treated unfairly by Marsha. Just after our meeting, Marsha contacted me to let me know that she was aware of everything I had just said to Gail in our meeting. I felt betrayed, but understood that she may have had to say something to Marsha in order to have an honest discussion regarding my concerns. On June 24, 2020, I received an email from Gail Kroen advising me to reach out to Marsha regarding my concerns.

Again, I felt the door was slammed in my face as an employee. This action solidified the fact, to me, that a higher level administrator can violate company policy resulting in harm to an employee and nothing would be done about it. What is staff to do if they cannot trust their employer to abide by policy? Gail Kroen failed to follow policy HR.110. There seems to be a pattern and practice of a hostile work environment evolving at the Medical Center of Southeast Texas. I have noticed on more than one occasion now that when an employee reports to Gail Kroen concerning unfair

treatment by Marsha, nothing is done and the employee is treated worse! Examples are: Keri Reeves from Education encountered a similar situation when she came to my office; Marsha unprofessionally yelled at her in front of myself and others and totally embarrassed her. This is totally unacceptable. Another employee, Kassandra Matthews, Employee Health Nurse, met with Gail Kroen regarding Marsha and she was immediately retaliated against by having her call pay removed without notice or approval from the Chief Nursing Office and she had been on call the previous two weeks. This action approached a violation of contract and labor laws. There are other examples, but these are the two I personally witnessed.

This hostile work environment has created a plethora of health disparities for me. From February 2020 until June 24, 2020, I could no longer take this mistreatment, hostile work environment and intimidation from her Marsha any longer. I was emotionally drained, had to see a counselor and obtain medication as the undue stress began to affect my personal life.

I returned to work on August 5, 2020, met with Marsha and prayed for a better relationship with my boss. Things were going well and we all worked together well as a team. On November 30, 2020, Marsha came to my office with no warning and shut the door and stated the following "It seems you are struggling and I need to make a decision. I am upset the plaque wasn't ordered for Jolynn. I don't feel that you are able to handle the functions of the HRG position. You need to go home and reflect; this job may be too much for you." I explained that the staff in question was not leaving, but simply changing to a PRN status and I was not aware that we ordered plaques for those changing status.

On December 1, 2020, Marsha called me to her office and stated, "I am removing you from your position and you may apply for any position in the hospital." I asked her if she was firing me. She stated "no" and not to discuss this with anyone, but she would get a job positing for me! Total shocked, I asked her if she was serious and she said "yes, you are not what I need in my department!" Again, there was no discussion as to why this occurred and no direction as to what to do from here. She told me to "go home." I went home and returned the next day. She handed me the job posting and told me "to review it and let her know something by Friday." I told her there was nothing on the job posting that I was interested in and I was offended by her offering me other jobs in the facility. She told me to "go home" and she would contact me." I went to my doctor because I was totally devastated as I did not understand what I had done to receive this treatment. My doctor took me off work yet again.

On or around December 7, 2020, I contacted the compliance hotline to file a claim again Marsha Worthy for age discrimination, hostile work environment, bullying and retaliation. To this date, I still have not received an explanation as to why I was removed from my position. On December 13, 2020, I called for an update regarding my complaint and was told Gail Kroen reported there were no findings of misconduct by Marsha Worthy. I asked them what I was supposed to do about my job, because I was removed, and not fired, but not re-assigned. This seemed to be a constructive termination. The compliance representative asked to submit additional data and I did.

On January 12, 2021, I received a call for Marsha. She asked if I was returning to work on January 19. Puzzled, I asked which position I would be returning to. She said your HRG position. When I told her I thought you removed me from that position, she stated "I had to rethink that decision."

On January 19, 2021, I returned to work and was immediately placed on a PIP (again with no verbal and in violation of policy) with emphasis that if I miss one deadline, I would be terminated. I made her aware that she was completely aware that I filed a compliance complaint against her and I felt she was now retaliating against me again. She had boxed up everything in my office and there were 12 new hires on my desk pending background checks. I feel this was an instant set-up to trap me into missing a deadline.

Professionalism starts at the top. If the Steward system continues to allow its directors, managers and superiors to belittle, yell, threaten, bully, violate policy, discriminate and conduct unfair practices, positive outcomes will not result. I am asking the Board and/or Corporate to consider looking into the history of this facility, this department, and to restore the status of a workplace of fair and equal treatment.

Respectfully,

Sandra Prudhomme

(409)351-6981

Sandra Prudhomme vs. Steward Healthcare 1220069594

I will subpoena the following Steward Employees and Former Employees:

Jason Miller CFO, Compliance Officer- Was aware of termination on December 4, 2020. He also was aware of mistreatment by Marsha Worthy. This was reported to him on more than one occasion and nothing was ever done.

Pat Lombardo, President of Human Resources- Cease the termination after being contacted by Miller.

Melissa McCollum, VP HR- I notified her of retaliation in August 2020 and also on January 19, 2021 after returning to work and was subjected to another PIP.

Chris McMahon- Former COO- Will testify the reason I was given for being terminated. For not ordering a plaque for Jo Lynn Bailey, how important was it when Ms. Bailey contacted me to see she received her plaque six months later. May 3, 2021?

Charmaine Johnson- Confidant well aware of all my issues with Marsha Worthy

Kasandra Matthews- Employee Health Coordinator- Witnessed mistreatment by Marsha Worthy

Amber Carmon- Will testify she spoke with Jason Miller regarding my mistreatment by Marsha Worthy.

Paul Peddy-HRS, Comment made "This is a hostile work environment after witnessing Marsha Worthy mistreatment. He initially handled ALL of Ancillary departments and I handled Clinical. His duties were allocated to me by Marsha Worthy.

I have requested ages of the last two employees Marsha Worthy hired in HR during the mediation with TWCC. This information was not given. Marsha stated "she likes to work with someone younger so she can train them"

I have requested termination documents from December 4, 2020 I have not received this information.

Respondent- 1445-1449 I am attaching a copy of my last evaluation completed by Marsha Worthy, previous HRD. As you can see there is nothing showing I was on the following:
A- Two Performance Improvement Plans
B- I was removed from my position in November, 2020 citing "not a good fit for HR apply for something in your skill set, sitter or admissions rep.

*ReportAnIssue.Com*

CONTACT US    LOGOUT

STEWARD HEALTH CARE SYSTEM    home    account    search    queries    reports    add case    my open    all open    all cases

« back                    [showing 885 of 933 | see list]                    next »

[ ] back                                                    forward [ ]

## CASE 7846

Opened: 2020/12/04 13:36:17 PST
Last Update: 2021/01/19 06:03:00 PST
Closed Date: 2021/01/19 06:03:00 PST

Reply to User

**Status:**
Closed

**Disposition:**
Complete

**Priority:**
Select

**Investigator:**
Gill, Bonnita

**Anonymous:**
No

**First Name:**
Sandra

**Last Name:**
Prudhomme

**Email:**
cookie62sp@yahoo.com

**Phone:**
409-351-6981

**Which Location:**
Alvin TX

**Hospital or Practice or Physician Office:**
Hospitals

**Hospital or Practice or Physician Office Location:**
The Medical Center of Southeast Texas

**Practice or Physician Office:**


**Name of Parties Involved:**
Marsha Worthy, Craig Desmond

**Specific Location:**
human resources

**Language:**
English

**Other Language:**


**Report this Concern:**
Gail Kroen

**Other Location:**
Select

**Practice or Physician Office Choice:**
Select

**Sandra Prudhomme** • Dec 04 2020 01:36pm PST

hostile work environment, bullying & intimation. Issue in Jan 2020 I requested an interim pay due to an employee that quit which is past practice to offer interim pay for employee picking up extra job duties . Masha Worthy stated she does not believe in given interim pay to anyone other than directors. instead I received a bonus of $750.00 01/31/20. The same week she then gave a nurse interim pay. I mentioned it to her and she said she gave it to her for additional job duties which was what she stated she does not do for anyone other than directors. Mid Feb she then called me in her office and put me on a pip. performance improvement plan. I did what she advised me to do. I did not sign said I do not agree. started treating me very hostile and things started getting worst. I then went to her boss which I followed the chain of command and spoke with Gail Kroen who is the corporate HR director and she stated she did not think it was retaliation but just the way she manages and if I had any other questions to see Marsha. I was then out of work due to stress for 5 weeks. when I returned to work 08/04 and I went to Marsha and asked what are my job duties were. All started off well then slowly deteriorated. 11/30 she called me in her office and said she does not think I'm a good fit for the position. She said that I did not order a plaque for someone that was retiring. I was then told I need to go home and reflect. On 12/02 Marsha Worthy gave me a listing of positions and advised me to look it over and she would need my response today 12/04. So I did not go to work yesterday because she told me to go home and reflect. I'm a H R Generalist and I'm 62 years old and have been a H R Generalist for over 25 years. I did nothing out of the norm. I followed the chain of command and I asked her it okay to speak with Craig Desmond and she stated I course but after that things changed. I feel like I'm being retaliated against.

**Sandra Prudhomme** • Dec 04 2020 01:42pm PST

This is the second case number. I went through all this yesterday and was given case #7840 but no record of it listed.

"7840 DUPLICATED - REFER TO 7846"

Calling and reporting a hostile work environment and bullying by Marsha Worthy. These goes back into the beginning of the year; back in December. Marsha is a new director. I explained to her that more work duties were to be given, so I took on more duties. She said she was going to talk to Craig, who was the former president. This was regarding interim pay. She gave me a bonus of $786 and she gave a nurse interim pay, which she stated she didn't believe in. I left it alone.

She put me on a performance improvement plan; never been written up. she stated that my attitude was off and it seemed like she was just nit-picking things that she couldn't actually find to put me on a PIP. She was told that the director would go through the normal flow of command; the next step after a PIP is termination. She didn't follow up with me after the PIP, you're normally supposed to have a follow up after 30 or 60 days to see how they're going. She didn't do that.

I then contacted Marsha's direct supervisor, Gayle, and sent her the PIP. She's upset about certain things. She's taking the human out of resources. She won't allow us to help employees; she likes to go to the front and give them the number to call. Gayle told me to contact Marsha and clear the air. I told her I felt like she failed me. You didn't try to contact anyone else in the department about my claim; you just took all of Marsha's word.

*Exhibit G*

Respondent 1412

Stress was hitting me; I have diabetes. I was off for 5 weeks. Came back in August. Talked to Marsha about what does she needs me to do. Celebrated her birthday, and everything was good, I didn't expect what was to come next.

11/30, she came in my office to tell me that she doesn't feel this job was for me. This was around 3:45 pm. Calls me in my office on 11/30, and told me that she's going to remove my position as HR generalist because I didn't reply to an email, regarding an employee wanting to meet with her. I asked her if I could get anything in writing. She said no, and she also stated "don't tell anyone about this because I didn't disclose this to anyone else." She told me that she emailed me on 11/20 to order a plaque for someone. I told her I spoke to the retiree about it and I'd be calling them when the plaque came in. It was the end of enrollment period so I was up and running around.

Yesterday, she gave me a 5 page email about finding a new job and she told me that I have until Friday to respond. She's come into my office on Monday and told me she was taking my position away from me. On Tuesday, she made me leave work. And yesterday, she came in my office asking me to give her a report. And it's like, I don't know how you'll come into my office and ask me of these things when you said you were removing me from my position. I decided to call today because my deadline is tomorrow.

She holds me to a different standard in the office than other employees. My co-worker, Paul, stated he doesn't respond to half of her emails. We don't sit at a desk like her or work from home like her.

**Bonnita Gill:** Dec 07 2020 05:11am PST

Thank you very much for your report. We take all concerns very seriously. Your concern has been received and will be communicated to the appropriate department and/or individual to best address your feedback. The Office of Corporate Compliance and Privacy may request additional information and/or will ensure to communicate back once the issue is resolved or referred.

Sincerely,
Office of Corporate Compliance and Privacy

**Sandra Prudhomme :** Dec 11 2020 06:30am PST

On Thursday my boss Marsha told me to stay home, never heard back from her on Friday. I end up going to the doctor on Monday 12-07-20, he ended up taking me out of work due to high stress levels. Off again with no pay. I am off on medical leave right now and still do not know what going on with my job

**Bonnita Gill:** Dec 11 2020 08:18am PST

Your concern has been received and has been escalated to Steward Corporate Human Resources.

Sincerely,
Office of Corporate Compliance and Privacy

**Sandra Prudhomme :** Dec 23 2020 08:06am PST

I am concern if I still have job because the last conversation I had with Marsha Worthy, that she did removed me from my position at HR Generalist . It is the holiday and I do not what is going to happen with me with my Livelihood. I feel like its because of my age is why she is doing this, because she said on several occasions she like to hire and train people herself.

**Bonnita Gill:** Dec 31 2020 04:20am PST

Thank you for reporting your concerns to the Compliance Support Line. Your concerns were forwarded to the Corporate Office of Human Resources for further review and investigation.

The Medical Center of Southeast Texas takes all concerns related to unfair treatment of and perceived discrimination very seriously. A complete and thorough investigation of your reported concerns was immediately initiated with several Corporate HR leaders. After careful review of the situation, there is no evidence to support that retaliatory actions were taken

Respondent 1413

against you or that any form of discriminatory behavior has occurred with respect to your position in the organization. We are sorry to hear your work environment has caused personal distress. The hospital leadership will continue to communicate with you to reach the most beneficial outcome for you and the organization.

This matter is now closed; however, should you have additional concerns, you are encouraged to speak directly with the Hospital Senior Leadership, or contact Gail Kroen, Vice President of Human Resources at Gail.Kroen@steward.org.

Sincerely,
Office of Corporate Compliance and Privacy

**Sandra Prudhomme : Jan 07 2021 06:17am PST**

Case status relayed to the caller. Caller did not wish to leave any new info.

**Sandra Prudhomme : Jan 11 2021 08:46am PST**

I was removed by my last position on 12/01 from the HR Generalist Position. She stated that I was not a good fit even though I been in that position over 30 years. I asked her if this was a job performance issue and she stated no. She said that I am not what she needs in her department and I can apply for other positions in the hospital. She said she was going to print the job posting and for me to apply for any position I was qualified for. She sent me a text on 12/02 to tell me I can have time off to review the open positions. My question is, if there is no evidence for any forms of violations what is there do next, what is the next step? I am scheduled to return to work and I still don't know if I have a job to go back to. This was my initial complaint, why was I removed from my position?

**Sandra Prudhomme : Jan 11 2021 08:50am PST**

There was no evidence of any work place violence or harassments, what do I need to do since I am still an employee? I am not agreeing with their decision, and I signed the obturation agreement, which means I cannot hire an attorney and I would have to go within the hospital. Who do I file that with?

**Sandra Prudhomme : Jan 13 2021 06:41am PST**

Case status relayed to the caller. Caller did not wish to leave any new info.

**Bonnita Gill: Jan 19 2021 06:02am PST**

Hello Sandra – In answer to your question, "I am not agreeing with their decision, and I signed the obturation agreement, which means I cannot hire an attorney and I would have to go within the hospital. Who do I file that with?"

Please connect with Gail Kroen, Vice President of Human Resources covering your hospital for assistance with this process. Gail can be reached at Gail.Kroen@steward.org. Thank you.

**Additional Info:**

[ Reply to User ]

[ SAVE ]

Respondent 1414

JS 44 (Rev. 04/21)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Sandra Prudhomme

**DEFENDANTS**
The Medical Center of SETEX (Steward Healthcare)

**(b)** County of Residence of First Listed Plaintiff   Jefferson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Jefferson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A

Attorneys *(If Known)*
Paul Nason
Locke Lord

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    **PERSONAL INJURY** | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   ☐ 365 Personal Injury - | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability         Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander   ☐ 367 Health Care/ Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability       Product Liability   ☐ 340 Marine    ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application   ☐ 840 Trademark | ☐ 460 Deportation   ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product   Liability       Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | **LABOR** | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle   ☐ 370 Other Fraud    Product Liability   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | Protection Act   ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | Injury         Property Damage   ☐ 362 Personal Injury -   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923)   ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Medical Malpractice   Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate   ☐ 443 Housing/        Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 240 Torts to Land | Accommodations   ☐ 530 General | | | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | Employment     **Other:**   ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application   ☐ 465 Other Immigration Actions | | |
| | Other      ☐ 550 Civil Rights   ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VI Retaliation Claim | Title VII civil Rights
Brief description of cause:
Terminated for reporting my director - See attached

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 460,571

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE   Stetson

Civil Action
DOCKET NUMBER 1:23CV13

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



U.S. POSTAGE PAID
FCM LG ENV
IOWA, LA
70647
APR 11, 23
AMOUNT

$2.46
R2305H128400-04

RDC 99

77701

Sandra Prudhomme
5740 Mel Shalw
Beaumont, Texas 77705

Clerk U.S. District Court
Eastern District of Texas
300 Willow Street
Room 104
Beaumont, Texas
77701-2217

CLERK, U.S. DISTRICT COURT
RECEIVED

APR 14 2023

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS