IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SANDRA PRUDHOMME, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-149-MJT-CLS |
| | § | |
| THE MEDICAL CENTER OF | § | |
| SOUTHEAST TEXAS, | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION OF DISMISSAL

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72.

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed her complaint on April 14, 2023, alleging employment discrimination. (Doc. #1.) However, the claims in this suit were the subject matter of Civil Action No. 1:23-CV-13 [hereinafter "Arbitration Case"], filed by Plaintiff's former employer, Steward Healthcare Systems LLC ("Steward",) as a petition to confirm an arbitration award. (Arbitration Case Doc. #1.) The relevant background is as follows:

On March 16, 2021, Sandra Prudhomme (Respondent in the Arbitration Case), proceeding *pro se*, initiated arbitration of her claims under Title VII and the Texas Labor Code for retaliation and discrimination on the basis of race, color, national origin, and age discrimination against Steward pursuant to the parties' Arbitration Agreement. (Arbitration Case Doc. #1-1 at 3, ¶ 8.) The arbitrator's amended scheduling order set this matter for a final arbitration hearing to take

place on January 26-28, 2022. (Arbitration Case Doc. #1-1 at 4.) The amended scheduling order also allowed Steward to file its Motion for Summary Disposition on December 10, 2021. (Arbitration Case Doc. #1-1 at 4.) The arbitrator granted Steward's Motion for Summary Disposition, canceled the arbitration and issued a final award that Prudhomme take nothing and her substantive and procedural claims be dismissed with prejudice, finding that Prudhomme's claims were not supported by competent summary disposition evidence. (Arbitration Case Doc. #1-1 at 9.)

On January 9, 2023, Steward filed a Petition to Confirm Arbitration Award under 9 U.S.C. § 9. (Arbitration Case Doc. #1.) On May 19, 2023, after receiving an answer (arbitration case doc. #4) to the petition from Plaintiff indicating her opposition and conducting a hearing on the matter, Steward's petition was granted, the arbitration award was confirmed, the arbitrator's order was comprehensively adopted and confirmed by the court, and a final judgment was entered. (Arbitration Case Docs. #13, 14.)

As Plaintiff is proceeding *pro se* and *in forma pauperis* (doc. #4), the court has the right to screen Plaintiff's complaint and must dismiss her claims if the court determines that she has failed to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2). Plaintiff's claims here, in Civil Action No. 1:23-CV-149, are the same as those raised in the arbitration and were fully heard and adjudicated in the arbitration proceeding, and the order and findings from that proceeding were adopted and confirmed by this court in a final judgment. Thus, Plaintiff's claims in this suit are barred by the doctrine of collateral estoppel, or issue preclusion, which precludes the relitigation of issues that were actually adjudicated and essential to the judgment in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Johnson v. United States*, 576 F.2d 606, 614 (5th Cir. 1978) ("[U]nder federal principles a party who has had a full

and fair opportunity to litigate an issue decided in a prior suit may be precluded from litigating that issue in a subsequent action.") (citations omitted). Accordingly, this suit must be dismissed with prejudice.

## Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's suit be dismissed with prejudice.

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 5th day of June, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE