IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| SANDRA PRUDHOMME,<br>    *Plaintiff*, | §<br>§<br>§ |
| v. | §    CIVIL ACTION NO.  1:23-CV-149-MJT-CLS |
| | § |
| STEWARD HEALTHCARE THE<br>MEDICAL CENTER OF SOUTHEAST<br>TEXAS,<br>    *Defendant*. | §<br>§<br>§<br>§ |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION OF DISMISSAL**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed her complaint on April 14, 2023, alleging employment discrimination against the Defendant, her former employer. [Dkt. 1]. The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. On June 5, 2023, the Magistrate Judge entered a Report and Recommendation [Dkt. 5] in which she recommended dismissing the instant case under the doctrine of collateral estoppel, as Plaintiff had already litigated her case in arbitration. Plaintiff timely filed objections on June 15, 2023. [Dkt. 7].

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v.*

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Plaintiff's objection is without merit.  Plaintiff states she is objecting to the ruling dismissing her case and then asserts that the arbitrator's award must be vacated because the arbitrator failed to conduct the hearing.  As the Magistrate Judge pointed out, however, the claims raised in this action are the exact claims that were presented in arbitration and were the subject of the arbitrator's final award which was confirmed as a final judgment by this Court in Civil Action No. 1:23-CV-13, *Steward Healthcare Systems, LLC. v. Sandra Prudhomme*.  Plaintiff's objection that the arbitrator granted summary judgment and did not conduct the arbitration hearing has already been considered and dismissed by this Court.  Thus, Plaintiff's claims in this suit are barred by the doctrine of collateral estoppel, or issue preclusion, which precludes relitigating issues that were actually adjudicated and essential to the judgment in prior litigation involving a party to the first case.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Johnson v. United States*, 576 F.2d 606, 614 (5th Cir. 1978) ("[U]nder federal principles a party who has had a full and fair opportunity to litigate an issue decided in a prior suit may be precluded from litigating that issue in a subsequent action.") (citations omitted).  Therefore, Plaintiff's "objection" is overruled.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct.  The Report and Recommendation of the United States Magistrate Judge [Dkt. 5] is ADOPTED.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

**SIGNED this 10th day of July, 2023.**

Michael J. Truncale<br>
United States District Judge